**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

VS.                                            CRIMINAL CASE NO.: 3:25CR176-DMB-RP

LINDSEY ALDY WHITESIDE                                                                 DEFENDANT

<u>**SCHEDULING ORDER**</u>

The defendant has been arraigned in open court or has waived formal arraignment and has entered a plea of not guilty. The following scheduling order will govern in this action.

1. The trial of the above case is set before **United States District Judge Debra M. Brown** on **December 8, 2025**, at **10:30 a.m.,** in **Greenville, Mississippi**.

2. Non-dispositive motions, that is, motions listed in Section II.E.(6)(g) of the Northern District Speedy Trial Plan, must be filed no later than **November 14, 2025**, and submitted to U.S. Magistrate Judge Roy Percy.

3. Dispositive motions must be filed no later than **November 21, 2025,** and submitted to United States District Judge Debra M. Brown.

4. Witness subpoenas in CJA cases must be requested sufficiently in advance to allow the Marshal's Service at least 14 days before trial for service.

5. Motions for writs for prisoners housed in Mississippi must be submitted sufficiently in advance to allow issuance of the writ at least 14 days before trial. Motions for writs for prisoners housed in other states must be submitted sufficiently in advance to allow issuance of the writ at least 28 days before trial.

6. Plea agreements, if any, must be submitted to the court by **November 24, 2025**, 14 days before trial, and the court will accept no plea agreements **submitted after this** date except for good cause shown.

7. Discovery and inspection of evidence:

    (a) Requests for discovery required by FED. R. CRIM. P. 16 are hereby entered for the defendants by this order, and unless a defendant, in writing, affirmatively refuses discoverable material beforehand, then **within 14 days of the entry of this order** the United States Attorney must make available to the defendant any materials described in Rule 16(a)(1) which the United States intends to offer in evidence

1

       during its case-in-chief, and which are material to preparing the defense, or were obtained from or belong to the defendant. Should a defendant refuse to accept discoverable materials the United States is relieved of any discovery obligations to the defendant imposed by FED. R. CRIM. P. 16.

  (b)    Within 30 days of the entry of this order, the defendant must make available to the United States any materials described in Rule 16(b)(1), Federal Rules of Criminal Procedure, which the defendant intends to introduce into evidence during the case-in-chief of either the United States or defendant.

  (c)    Within 30 days of the entry of this order, the United States must provide to the defendant notice of intent and the general nature of any evidence intended to be offered under Rule 404(b), Federal Rules of Criminal Procedure, except for good cause shown.

  (d)    The parties understand that each has a continuing duty to supplement promptly the disclosure of evidence and materials under Rule 16(c), Federal Rules of Criminal Procedure.

  (e)    Pursuant to the Due Process Protections Act and Rule 5(f) of the Federal Rules of Criminal Procedure, the Court confirms the United States' obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Possible consequences for failing to do so in a timely manner include, but are not limited to, exclusion of evidence, adverse jury instructions, dismissal of the charges, vacation of any conviction, contempt proceedings, and disciplinary sanctions by the Court.

8.    Witness statements.

  (a)    At least 7 days before trial the parties must provide to one another all statements of prospective witnesses intended to be called during each party's case-in-chief as defined by FED. R. CRIM. P. 26.2 and 18 U.S.C. § 3500(e), including a witness's testimony before the federal grand jury.

  (b)    Counsel for the parties must hold and use all statements of prospective witnesses as contemplated by Rule 26.2 and 18 U.S.C. §§ 3500(b) and (c), and may not show them to any person, except the representatives and agents of the parties. Counsel, and representatives and agents of the parties must retain the statements and any copies of them. This provision does not prohibit a party from showing a witness his or her statement in preparation for any hearing or trial.

9.    Exculpatory and Impeachment materials.

  (a)    Promptly after the United States learns of or obtains exculpatory information or materials, the United States must reveal it to the defendant and allow defendant to copy it. Exculpatory information or materials are those which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *Kyle v. Whitley*, 115 S. Ct. 1555(1995) and their progeny.

 (b) At least 7 days before trial, the United States must disclose to the defendant the existence and nature of any impeachment materials or information known to the United States, that is, materials or information relevant to the credibility of a government witness who it intends to call during the United States's case-in-chief including, but not limited to, bias, lack of candor or truthfulness, payments, promises of immunity, leniency, preferential treatment or other inducements made to prospective government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), *Napue v. Illinois*, 360 U.S. 264 (1959) and their progeny.

 (c) The United States understands that it has a continuing obligation to produce the above materials should they be discovered after the time frames above.

10. Motions.

 (a) Any party which in good faith believes it will be aggrieved by any of the deadlines or disclosure requirements set forth in this Order must promptly file a written motion with the court.

 (b) The opposing party may respond to such motion(s). If no response is filed, the court will assume there is no objection to the motion.

 (c) The parties may seek *in camera* review if they are uncertain of whether any material constitutes *Brady* or *Giglio* information.

 (d) The parties must comply with Local Uniform Criminal Rule 47(A), which requires conference with opposing counsel in a good faith attempt to resolve certain matters without court intervention.

**SO ORDERED**, this, the 29th day of October, 2025.

/s/ Roy Percy
**UNITED STATES MAGISTRATE JUDGE**