IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

Case No.:  3:25CR176-DMB

LINDSEY ALDY WHITESIDE

**MOTION FOR PROTECTIVE ORDER FOR PRETRIAL PROCEEDINGS**

The United States of America hereby moves for an order stating that the privacy protection measures mandated by Title 18, United States Code, Section 3509(d) when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case.

*Introduction*

Defendant Lindsey Aldy Whiteside has been charged by the grand jury with transportation with the intent to engage in criminal sexual activity with a minor in violation of Title 18, United States Code, Section 2423(a), and enticement of a minor to engage in criminal sexual activity in violation of Title 18, United States Code, Section 2422(b). The defendant has been arraigned and entered a plea of not guilty.

The Indictment contains a generic naming option of a cooperating victim, who was a minor during the time alleged.

Because this case involves a minor victims the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply. The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be ... a victim of a crime of physical abuse, sexual abuse, or exploitation ... or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines "sexual abuse" to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to

engage in…sexually explicit conduct." 18 U.S.C. § 3509(a)(8). The Act requires that certain measures be taken to protect the minor's privacy. Specifically, it provides as follows:

    (1) Confidentiality of information –

    (A) A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –

        (i) keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

        (ii) disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.

    (B) Subparagraph (A) applies to

        (i) all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;

        (ii) employees of the court;

        (iii) the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and

        (iv) members of the jury.

    (2) Filing under seal. – All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court

        (A) the complete paper to be kept under seal; and

        (B) the paper with the portions of it that disclose the name of or other information

        (C) concerning a child redacted, to be placed in the public record.

18 U.S.C. § 3509(d)(1) and (2).

These rights are further reiterated by the Crime Victim's Rights Act, which provides that all crime victims, regardless of age, have the right to be "reasonably protected from the accused" and "the right to be treated with fairness and with respect for the victim's dignity and privacy." *See* 18 U.S.C. §3771(1) and (8).

Accordingly, the United States requests that the minor victim in this case be referred to by a generic numeral, i.e., Minor 1 as alleged in the Indictment, during all unsealed proceedings and filings, and that all reasonable efforts be made to prevent the public dissemination of the minor's identifying information and potentially identifying information. The United States makes this request in an effort to protect the privacy and reputation of the minor involved, to minimize the emotional trauma which likely would result from unnecessary dissemination of their identity, and to minimize any personal embarrassment the minor and their family will experience if their identity is disclosed publicly.

Good cause exists for the United States' request. These restrictions serve the compelling interest of "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982). If no protective measures are taken, and the minor victim's identity becomes known or publicly discoverable, they may be unnecessarily traumatized and may learn of their victimization from private investigators, peers, media coverage, or the Internet. Accordingly, prohibiting the public disclosure, dissemination, and unnecessary retention of the minor's identity or potentially identifying information is the least intrusive means for protecting the minor victim's well-being.

Pursuant to Title 18, United States Code, Sections 3509(d) and 3771(a), the Government hereby requests that the court issue a protective order to ensure compliance with those provisions and prevent the further dissemination of restricted documents to the public.

*Conclusion*

Given the compelling interest in protecting the welfare and privacy of the victims involved in this case, the Government respectfully requests that the Court grant the requested relief.

Respectfully submitted,

CLAY JOYNER
United States Attorney

 /s/ *Parker S. King*
Parker S. King
Assistant United States Attorney
Miss. Bar No. 102499
900 Jefferson Avenue
Oxford, Mississippi 38655
Telephone: (662) 234-3351

CERTIFICATE OF SERVICE

I, Parker S. King, attorney for the United States, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which provided notification to all parties of record.

This the 11th day of November, 2025.

      /s/ *Parker S. King*_____
PARKER S. KING
Assistant United States Attorney