IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 3:25CR0176-DMB

LINDSEY ALDY WHITESIDE

PRETRIAL PROTECTIVE ORDER

Upon motion of the United States of America and agreement by Defendant, pursuant to the Federal Rules of Criminal Procedure 16(d) and Title 18, United States Code, Sections 3509(d) and 3771(a)(1) and (8), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by the defendant and defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The Defendant and employees of the defendant, including defendant's counsel and persons hired by the defendant or defendant's counsel to provide assistance in the proceeding, shall keep the materials in a secure place to which no person who does not have reason to know their contents has access.

3. The Defendant and defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare

the defense but may not retain copies without prior permission of the Court.

4. The Defendant, defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the defendant, defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. The Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of any such materials.

8. All papers to be filed in court shall identify the alleged victims only by their numerical identification as alleged in the Indictment, and that alleged victim shall be referred to only by the numerical identification in any pre-trial proceeding.

9. A violation of this order that results in a knowing or intentional violation of 18 U.S.C. § 3509 is a criminal contempt punishable by up to a year in prison and a fine, or both, pursuant to 18 U.S.C. § 403.

10. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED, this the 12th day of November, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE